# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS A. SANTIAGO-CORTES <br><br> Defendant. | NO. MJ12-0028 <br><br> DETENTION ORDER |

<u>Offense charged</u>:

Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 846

<u>Date of Detention Hearing</u>: January 30, 2012

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1. Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

2. Defendant is a citizen of Mexico, notwithstanding his presence in this community for 25 years. An Immigration and Customs Enforcement ("ICE") detainer has been filed against him. This factor, by itself, might not warrant detention, but it is a factor that cannot be ignored. More importantly perhaps, in

the Court's opinion, is the fact that defendant appears to have been less than candid and forthright with Pretrial Services regarding his citizenship. He claimed he was a naturalized citizen, yet, he applied for political asylum in 1995 and subsequently withdrew his application. He was not assigned an A-number. It appears that despite his protestations to the contrary, there is no evidence of his legal status in the United States aside from his statements. Defendant's lack of candor in his statements to Pretrial Services on this issue raises serious questions as to whether he will comply with supervision terms if released.

3. Defendant is associated with multiple identifiers. Although defendant proffered that this is due to dropping a portion of his hyphenated last name, this proffer does not withstand scrutiny regarding his association with different dates of birth.

4. The weight of evidence against the defendant, although the least important detention-decision factor, is strong, cannot be ignored and supports the decision to detain.

5. There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained and shall be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of January, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
Page 3